DAVID CRONIN AS OVERSEER, ETC., PLAINTIFF, v. BOSILLA GUNDY, DEFENDANT.

*Commissioner of excise — his failure to file a bond does not, ipso facto, vacate the office.*

At a town meeting held on February 8, 1876, one Bellinger was elected excise commissioner for the term of three years, the other two commissioners holding over (one being elected each year under the statute). March 11, 1876, he filed his bond, which was approved by the town clerk, instead of the supervisor as required by law. May, 1876, Bellinger met with the other members of the board, and adjourned for a year. At the town meeting in February, 1877, one Bliss was elected to fill the place of a commissioner whose term then expired, and one Kinne to fill the place of Bellinger, whose office was claimed to be vacant, by reason of his failure to file the bond required by law. Subsequently Bellinger presented his bond to the supervisor by whom it was approved. In March, 1877, Kinne and Bliss met as a board of excise and issued licenses.

In an action to recover the penalty imposed by statute for selling liquor without a license, brought against one claiming to have a license from Bliss and Kinne, *held,* that the failure to file the bond did not *ipso facto* work a forfeiture of Bellinger's office, and that there was no vacancy to fill, to which Kinne could be elected.

That as Bellinger had acted at the meeting held on May 1, 1876, he was a commissioner both *de jure* and *de facto,* and that licenses issued by Bliss and Kinne were wholly void.

MOTION for judgment, on a verdict in favor of the plaintiff directed by the court subject to the opinion of the court at General Term.

*Thomas Richardson*, for the plaintiff.

*J. & A. B. Steele*, for the defendant.

TALCOTT, P. J. :

This is a motion for judgment on a verdict directed for the plaintiff, at the Herkimer County Circuit, subject to the opinion of this court.

The action is brought by the plaintiff, as overseer of the poor of the town of German Flats, in Herkimer county, to recover three penalties of fifty dollars each for selling a glass of ale, and another glass of strong beer, on three several occasions, on the 24th day of May, 1877.

The defense is that the defendant acted under what purported to be a license granted under section 24 of the excise law (2 R. S. [6th ed.], 939, § 24), granting to the defendant a license to sell ale or beer, and granted on the 2d day of April, 1877, by H. M. Bliss and J. W. Kinne, as commissioners of excise for the said town of German Flats, and the controversy sought to be raised is whether the said J. W. Kinne was a commissioner of excise for the said town when the said license was granted.

The facts in the case seem to be as follows : Prior to February, 1876, the town of German Flats had three excise commissioners. At the town meeting held on the 8th of February, 1876, Lucius Bellinger was elected a commissioner of excise for said town for the term of three years, the other two commissioners holding over, only one being elected in each year under the statute.

Bellinger filed his oath of office in the office of the town clerk, on the 11th day of March, 1876, together with his official bond, which was approved by the said town clerk, instead of the supervisor of the said town as required by the statute. (2 R. S. [6th ed.], 943, § 49.) It having become known that Bellinger's bond had not been approved, as required by the statute, some of the inhabitants of the town, under the belief, probably, that the office of Bellinger had become vacant by his omission to have his bond approved by the supervisor, proceeded, at the town meeting held in February, 1877, to elect the said J. W. Kinne in his place, claiming to act under the authority of the statute in reference to

filling vacancies in the office of commissioners of excise. (2 R. S. [6th ed.], 942, § 48.) H. L. Bliss was, at the same town meeting in February, 1877, elected one of the commissioners of excise, in the place of one Hall, whose term of office had expired at that time.

After the town meeting of February, 1877, and the attempted election of Kinne to fill the supposed vacancy in Bellinger's office, Bellinger presented his official bond to the then supervisor of the town and the same was by him approved.

On the 10th of March, 1877, a meeting of the board of excise, as composed of Bliss, Lewis and Kinne, was held at the Globe hotel, at Mohawk, in the town. This meeting was called on the notification of H. M. Bliss; but Lewis, one of the commissioners, being notified, refused to attend and was not present. Bliss and Kinne attended and proceeded to act as a board of excise of the said town. They kept a record of their proceedings as commissioners of excise, and at that meeting sundry applications for licenses under the excise law were made, and they adjourned to April 2, 1877. On the 2d of April, 1877, Bliss and Kinne again met pursuant to such adjournment, and sundry other applications for such licenses were presented, amongst others an application from the defendant in this case, and the license in question was granted to him, he paying therefor to the said Bliss and Kinne, as such commissioners of excise, the sum of twenty dollars; and Bliss and Kinne continued to meet as such board of excise, various adjournments intervening, so far as the record kept by them shows, down to and including the 15th of November, 1877. The license granted to the defendant was in due form, bearing date on the 2d day of April, 1877, purported to be granted in pursuance of the act of the Legislature of the State, entitled "An act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857 (ch. 628), and the acts amendatory thereof and supplementary thereto, and reciting that the defendant had paid to them the sum of twenty dollars, the license fee prescribed by them therefor, licensed the defendant to sell ale and beer at his saloon in said town of German Flats, and provided that the said license, unless sooner revoked, should continue in force one year from the date thereof. The said license was signed by H. W. Bliss and J. W. Kinne, as commissioners of excise, and

the money received for the said license, by the said Bliss and Kinne, as the board of excise for the town, was paid over by them to the supervisor of the town. Bliss also met with Bellinger and Lewis on the first Monday of May, 1877, as a board of excise for the said town, and after electing one of their number as chairman and another as secretary of said board, they adjourned till the first Monday of May, 1878, without granting any licenses.

We think that the omission of Bellinger to have his bond approved by the supervisor of the town, as required by the statue referred to, did not create a vacancy in the office to which he had been elected, and to perform the duties of which he had taken the official oath.

The act, it is true, provides that, before entering upon the duties of their offices, the commissioners shall take and subscribe the constitutional oath of office and file the same with the town clerk, and shall execute a bond to the supervisor thereof, to be approved by him, conditioned for paying over to him all the moneys received by them as commissioners of excise. (Laws of 1874, ch. 444, § 2, p. 562.) This is the only provision of the statute under which Bellinger was elected. He took the oath of office and filed his official bond, but did not get it approved by the supervisor of the town until after the election of Kinne, in February, 1877. There being no time specified, within which the oath shall be taken and the bond approved and filed, in the act by which the office was created, it must be governed by the general law on that subject. The Revised Statutes provide on that subject, as follows: When a different time shall not be prescribed by law, the oath of office shall be taken, subscribed and deposited in the proper office within fifteen days after the officer shall be notified of his election or appointment, or within fifteen days after the commencement of his term of office. (1 R. S. [6th ed.], 417, § 25.) That any public officer required by law to execute any official bond shall cause the same to be filed in the proper office within the time prescribed for filing his oath of office unless otherwise provided by law. (1 R. S. [6th ed.], 418, § 30), and by section 36, it is provided, that "if any person shall execute any of the duties or functions of any office, without having taken and subscribed the oath of office required by law, or without having executed and filed

in the proper office any bond required by law, he shall forfeit the office to which he may have been elected or appointed, and shall be deemed guilty of a misdemeanor punishable by fine and imprisonment."

This statute is the only one which provides for the consequences of an omission to file the official bond of the commissioners of excise duly approved. The consequences enumerated by the statute are, liability to *forfeit the office*, and to a conviction for misdemeanor. The office does not become *ipso facto* forfeited or vacant by such omission, but the officer hereafter holds by a defeasable title, and until some proceedings shall have been taken by the proper authorities to declare the forfeiture, the official acts of him who has been guilty of such omission to file his official bond are valid to all intents and purposes. (*Foot* v. *Stiles*, 57 N. Y., 399), so that, we think there was, legally, no vacancy in the office to which Bellinger had been elected in February, 1876.

But it is claimed that the board of excise commissioners, which granted the license to the defendant, and which received his money was a board of commissioners *de facto*, and that the license granted by them operated to protect the defendant in the business thereby purporting to be licensed, although one of the members of such board was not a commissioner *de jure.*

The rule is that where a party claims to hold an office, and in fact exercises its functions under color of an election or appointment thereto by the proper authority, the acts which he assumes to perform as such officer, and which he might rightfully perform if he was such officer *de jure*, are valid and binding so far as the public and third parties are concerned, in the same manner as though he rightfully held the office. This is a rule necessary to the protection of the public and third parties, because they cannot be supposed to be able to know or determine whether the person assuming to be such officer is rightfully in office or not. But it is said that there cannot be an officer *de jure* and another in the same office *de facto* at the same time. (*Boardman* v. *Halliday*, 10 Paige, 223; *The People ex rel. Devlin* v. *Peabody*, 6 Abb. Pr. R., 236; *Morgan* v. *Quackenbush*, 22 Barb., 72.)

In this case Bellinger, before the granting of the license to the defendant, had acted as commissioner of excise on one occasion

as a member of the board, to wit, on the first Monday of May, 1876, at which time no licenses were granted and the board adjourned till the first Monday of May, 1877. A reference to the record of the proceedings of the commissioners of excise, which was shown to have been kept according to law, and deposited with the proper custodian, would have shown who were the commissioners of excise *de facto*, exercising the duties of the office; and that Bellinger, in point of fact, claimed to be one of such commissioners at the time when the license in this case was granted; and that Bellinger being not only a commissioner *de jure* but *de facto*, Kinne could not legally be a commissioner of excise of the town of German Flats. By an examination of the records of the commissioners it would have appeared that Bellinger had met with the board and was recognized as a member thereof on the first Monday of May, 1876, and that the board had then adjourned till the first Monday of May, 1877, so that he was in the office and exercising the duties thereof, so far as there were any duties to perform, at the time when the license was granted to the defendant by a board composed of H. M. Bliss and J. W. Kinne; Bellinger being, therefore, not only a commissioner *de jure* but also *de facto*, at the time when certain of the electors of the town assumed to elect Kinne, such election was wholly void and Kinne could not, by virtue thereof, act as a member of the board, either *de jure* or *de facto*. The whole question in the case seems to be disposed of by the decision of the Court of Appeals in *Foot* v. *Stiles* (*supra*), holding that an omission to file the bond did not *ipso facto* work a forfeiture of Bellinger's office. Judgment must therefore be ordered for the plaintiff on the verdict.

SMITH, J., concurred; HARDIN, J., not sitting.

Judgment ordered for the plaintiff on the verdict.